UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID A. AVERY #437427, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00517 |
| WILLETTA GRADY, et al., | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

The Court dismissed this case for failure to state a claim on August 27, 2020. (Doc. No. 6.) It is back before the Court on Plaintiff's September 21 Motion for Leave to Amend Initial Pleadings Under LR 15.01. (Doc. No. 8.) The Court liberally construes the motion to seek relief from judgment under Rule 59(e) in order to amend the complaint.

The Court dismissed complaint because his allegation of being denied access to the prison law library on June 8, 2020, did not establish a violation of any constitutional rights. (Doc. No. 6 at 4–6.) With regard to Plaintiff's First Amendment right to access the courts, the Court explained that he failed to state a claim because he did not allege that this single incident caused any actual injury to a nonfrivolous legal claim. (Id. at 4–5 (citing Lewis v. Casey, 518 U.S. 343 (1996).)

Plaintiff's motion indicates that he would amend his complaint to allege that "[o]n June 8, 2020 prison officials did deny the plaintiff a 'reasonably adequate opportunity' to respond to the U.S. District Court of Ohio's April 30, 2020 Report and Recommendation (R&R) in case #2:20-cv-00357 Avery v. Wooten when they denied him access to the law library on that day." (Doc. No. 8 at 2.) He would also add that the last time he was allowed in the law library before the June 8 incident was April 9, 2020. (Id.)

Plaintiff does not provide copies of the relevant documents from the referenced litigation, but "[f]ederal courts may take judicial notice of proceedings in other courts of record." Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980) (quoting Granader v. Public Bank, 417 F.2d 75, 82-83 (6th Cir. 1969)). Accordingly, the Court has reviewed the docket for the referenced case in the United States District Court for the Southern District of Ohio, which establishes that Plaintiff filed a timely objection to the Magistrate Judge's R&R[1] on May 11, 2020. See Objections to the 4/30/20 R&R Filed By Magistrate Judge E.P. Deavers, Avery v. Wooten, et al., No. 2:20-cv-00357 (S.D. Ohio filed May 11, 2020). Plaintiff did not seek any additional time to object or assert in his objection that he was unable to address any issues because of a lack of library access. (Id.) The district court conducted de novo review, concluded that Plaintiff's objection was without merit, adopted the R&R, and dismissed the case on May 26, 2020. Avery v. Wooten, et al., No. 2:20-cv-00357, slip op. at 3 (S.D. Ohio May 26, 2020). The court also determined that any appeal would not be in good faith. Id. In a later motion that was apparently mailed before Plaintiff received the order of dismissal and received by the court on June 1, 2020, Plaintiff noted that he had filed a timely objection to the R&R and insisted that the district judge "enter his final determination immediately in order to prevent any further unnecessary delays." Motion to Enter Immediate Determination, Avery v. Wooten, et al., No. 2:20-cv-00357 (S.D. Ohio filed June 1, 2020).

Thus, the case in which Plaintiff alleges he was injured by lack of library access cannot support his First Amendment claim. First, the case was concluded before June 8, 2020, when

---

[1] The R&R recommended that the complaint be dismissed in its entirety on initial screening pursuant to the Prison Litigation Reform Act. Initial Screen Report and Recommendation, Avery v. Wooten, et al., No. 2:20-cv-00357 (S.D. Ohio April 30, 2020). According to the R&R, Plaintiff's complaint named almost 100 federal officials and Tennessee state or county officials or employees as respondents, described his 2009 criminal prosecution in Tennessee as a commercial dispute, and sought immediate release from prison as well as money damages. Id. at 4–5.

2

Case 3:20-cv-00517   Document 9   Filed 09/24/20   Page 2 of 3 PageID #: 37

Plaintiff says he was denied access to the law library. Plaintiff had already filed his objections, and—rather than complaining that he needed more time for research or preparation—he actually pressed the district court for prompt action. These circumstances do not establish any potential injury to the Ohio litigation from the alleged lack of library access on June 8 or any other date between April and June. And second, given the basis for the dismissal of that case and the determination that any appeal of the dismissal would not be in good faith, Plaintiff cannot establish that it involved a nonfrivolous legal claim. Any amendment of the complaint in this case to rely on that litigation as the basis of a First Amendment claim would, therefore, be futile.

For these reasons, Plaintiff's motion (Doc. No. 8 at 2) is **DENIED**. Any appeal of this Order would not be in good faith for the purpose of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE